IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROGER LYNN TABB and SANDRA                10-CV-855-ST
SCOTT TABB,
                                          ORDER
          Plaintiffs,

v.

ONE WEST BANK (INDYMAC); CEO
TERRY LAUGHLIN, and/or his
successor, individually and
in his official capacity;
REGIONAL TRUSTEE SERVICES
CORPORATION; CEO CHRIS
REBHUHN, and/or his
successor, individually and
in his official capacity;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
PRES/CEO R.K. ARNOLD, and/or
his successor, individually
and in his official capacity;
IMPAC FUNDING CORPORATION;
CHAIRMAN AND CEO JOSEPH R.
TOMKINSON and/or his
successor, individually and
in his official capacity,

          Defendants.


1  -  ORDER

**ROGER LYNN TABB**
**SANDRA SCOTT TABB**
2363 S.W. Cedar Hills Boulevard
Portland, OR 97225
(503) 793-5309

       Plaintiffs, *Pro Se*

**WILLIAM L. LARKINS, JR.**
Larkins & Vacura LLP
621 S.W. Morrison Street, Suite 1450
Portland, OR 97205
(503) 222-4424

       Attorneys for Defendants One West Bank; Terry Laughlin;
       Mortgage Electronic Registrations Systems, Inc.; and
       R.K. Arnold

**LISA M. McMAHON-MYHRAN**
Robinson Tait, P.S.
710 Second Avenue, Suite 710
Seattle, WA 98104
(206) 676-9640

       Attorneys for Defendants Regional Trustees Services
       Corporation and Chris Rebhuhn

**JOHN M. THOMAS**
Routh Crabtree Olsen, PC
11830 S.W. Kerr PArkway, Suite 385
Lake Oswego, OR 97035
(503) 517-7180

       Attorneys for Defendants Impac Funding Corporation and
       Joseph R. Tomkinson


**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Emergency

Motion (#22) for Temporary Restraining Order and Temporary

Injunction and Motion (#23) for Evidentiary Hearing and Order to

Show Cause.  For the reasons that follow, the Court concludes

2  -  ORDER

oral argument would not be helpful and **DENIES** Plaintiffs'
Motions.

Plaintiffs seek an injunctino against Defendants to halt the
foreclosure of Plaintiffs' mortgage and a Trustee's sale of the
residence at 9415 N.E. River Pointe Circle, Portland, Oregon
97211, which Plaintiffs assert is scheduled for August 30, 2010.

The Ninth Circuit recently restated the test for a temporary
restraining order (TRO) as set out by the Supreme Court:

> "A plaintiff seeking a preliminary injunction
> must establish that he is likely to succeed
> on the merits, that he is likely to suffer
> irreparable harm in the absence of
> preliminary relief, that the balance of
> equities tips in his favor, and that an
> injunction is in the public interest."
>
> To the extent that our cases have
> suggested a lesser standard, they are no
> longer controlling, or even viable.

*Am. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046,
1052 (9th Cir. 2009)(quoting *Winter v. Nat. Res. Def. Council,
Inc.*, 129 S.Ct. 365, 374 (2008)).  The standards for issuance of
a TRO are identical to those for issuing a preliminary
injunction.  *Whitman v. Hawaiian Tug & Barge Corp./Young Bros.
Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw.
1998).

The Court has reviewed Plaintiffs' submissions as well as
their Complaint.  Styled as an "Action of Trespass on the Case,"
it appears Plaintiffs' contend, among their numerous allegations,

3  -  ORDER

that Defendants committed fraud by securitizing and transferring the promissory note that accompanied Plaintiff's mortgage. Plaintiffs have not clearly alleged or shown any false representations by Defendants on which Plaintiffs relied to their detriment to support their claim of fraud under Oregon law. *See Webb v. Clark,* 274 Or. 387, 391 (1976) (setting out the elements of fraud under Oregon law). Moreover, Plaintiffs have not cited, and the Court is not aware of, any law that prohibits the transfer or sale of Plaintiffs' promissory note as alleged.

Accordingly, for the purposes of this Motion only, the Court concludes Plaintiffs have not demonstrated the necessary likelihood of success on the merits of their claim. The Court, therefore, concludes Plaintiffs have not satisfied their burden with respect to their Motion for a Temporary Restraining Order.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' Motion (#22) for Temporary Restraining Order and Temporary Injunction and Motion (#23) for Evidentiary Hearing and Order to Show Cause.

IT IS SO ORDERED.

DATED this 27th day of August, 2010.

_____
ANNA J. BROWN
United States District Judge

4  -  ORDER