IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROGER LYNN TABB and<br>SANDRA SCOTT TABB,<br><br>        Plaintiffs,<br><br>v.<br><br>ONEWEST BANK (INDYMAC);<br>TERRY LAUGHLIN, CEO and/or<br>his successor individually and<br>in his official capacity;<br>REGIONAL TRUSTEE SERVICES<br>CORPORATION; CHRIS REBHUHN,<br>CEO and/or his successor,<br>individually, and in his<br>official capacity; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; R.K. ARNOLD<br>PRES/CEO, and/or his successor<br>individually, and in his official<br>capacity; IMPAC FUNDING<br>CORPORATION; JOSEPH R. TOMKINSON,<br>CHAIRMAN AND CEO and/or his successor<br>individually, and in his official<br>capacity,<br><br>        Defendants. | 10-CV-855-ST<br><br>ORDER |

1 - ORDER

**ROGER LYNN TABB**
2363 S.W. Cedar Hills Boulevard
Portland, OR 97225
(503) 793-5309

**SANDRA SCOTT TABB**
2363 S.W. Cedar Hills Boulevard
Portland, OR 97225

            Plaintiffs, *Pro Se*

**WILLIAM L. LARKINS , JR.**
Larkins & Vacura LLP
621 S.W. Morrison Street
Suite 1450
Portland, OR 97205
(503) 222-4424

            Attorneys for Defendants One West Bank (IndyMac);
            Terry Laughlin; Mortgage Electronic Registration
            Systems, Inc. (MERS); and R.K. Arnold

**LISA M. MCMAHON-MYHRAN**
Robinson Tait, P.S.
710 Second Avenue
Suite 710
Seattle, WA 98104
(206) 676-9640

            Attorneys for Defendants Regional Trustee Services
            Corporation and Chris Rebhuhn

**JOHN M. THOMAS**
Routh Crabtree Olsen, PC
11830 S.W. Kerr Parkway, Suite 385
Lake Oswego, OR 97035
(503) 517-7180

            Attorneys for Defendants Impac Funding Corporation
            and Joseph R. Tomkinson


**BROWN, Judge.**

    Magistrate Judge Janice M. Stewart issued Findings and

1 - ORDER

Recommendation (#85) on November 1, 2010, in which she recommends the Court grant the Motion (#30) to Dismiss of Defendant Joseph R. Tomkinson with prejudice; grant the Motion (#28) to Dismiss of Defendants R.K. Arnold, Terry Laughlin, MERS, and One West Bank without prejudice; grant the Motion (#30) to Dismiss of Defendant Impac Funding Corporation without prejudice; grant the Motion (#44) to Dismiss of Defendants Chris Rebhuhn and Regional Trustee Services Corporation without prejudice; and allow Plaintiffs leave to file an Amended Complaint within thirty days to cure the deficiencies set out in the November 1, 2010, Findings and Recommendations as to Defendants R.K. Arnold, Terry Laughlin, MERS, One West Bank, Impac Funding Corporation, Chris Rebhuhn, and Regional Trustee Services Corporation.  Plaintiffs filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

In their Objections Plaintiff question the Magistrate Judge's authority to issue a Findings and Recommendation in this

1 - ORDER

matter and generally reiterate the arguments they asserted in their Responses to Defendants' Motions to Dismiss.

28 U.S.C. § 636(b)(1)(B) provides in pertinent part: "[A] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court of" a motion to dismiss.

In addition, Federal Rule of Civil Procedure 72(b) provides:

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> **(1) Findings and Recommendations.** A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.
>
> **(2) Objections.** Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
>
> **(3) Resolving Objections.** The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept,

1 - ORDER

>    reject, or modify the recommended disposition;
>    receive further evidence; or return the matter to
>    the magistrate judge with instructions.

Finally, Local Rule 72 of this Court provides "[t]he Court designates every Magistrate Judge to conduct all pretrial proceedings contemplated by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, without further designation or assignment from the Court." Accordingly, the Magistrate Judge had authority to hear Defendants' Motions and to issue a Findings and Recommendation as to those Motions.

This Court has carefully considered Plaintiffs' Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#85) and, therefore, **GRANTS** the Motion (#30) to Dismiss of Defendant Joseph R. Tomkinson **with prejudice**; **GRANTS** the Motion (#28) to Dismiss of Defendants R.K. Arnold, Terry Laughlin, MERS, and One West Bank **without prejudice**; **GRANTS** the Motion (#30) to Dismiss of Defendant Impac Funding Corporation **without prejudice**; and **GRANTS** the Motion (#44) to Dismiss of Defendants Chris Rebhuhn and Regional Trustee Services

1 - ORDER

Corporation **without prejudice**.

The Court, however, grants Plaintiffs leave to amend their Complaint **no later than March 1, 2011**, to cure the deficiencies noted in the Findings and Recommendation as to Defendants R.K. Arnold, Terry Laughlin, MERS, One West Bank, Impac Funding Corporation, Chris Rebhuhn, and Regional Trustee Services Corporation.  If Plaintiffs do not file an amended complaint consistent with this Order that cures the noted deficiencies, the Court will enter a judgment of dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED this 28th day of January, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

1 - ORDER